**George E. HILL, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 91–58.

United States Court of Veterans Appeals.

Dec. 21, 1992.

Leighton Cornett, Paris, TX, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

The appellant served on active duty in the Army from April 1953 until April 1955. He is before this Court appealing an adverse decision of the Board of Veterans' Appeals (BVA or Board) that found no new

and material evidence as to a previously denied claim for a hearing loss that appellant was attempting to reopen. He is also appealing, from the same decision, a denial for an increased rating for the residuals of service-connected injury to his right middle finger that was 0% rated for disability purposes. The Court will affirm the findings as to the claim for the hearing loss; that part of the BVA decision denying an increased rating for the finger injury will be reversed and remanded.

## BACKGROUND AND ANALYSIS

■ In 1981 the Board denied, inter alia, appellant's claim for a hearing loss in his right ear. The decision did note a "mild" hearing loss at that time, but nonetheless denied relief, pointing to a separation physical in 1955 and two subsequent examinations in 1958 and 1978, which were essentially negative for a hearing loss. Appellant was before the Board in 1987 claiming again for, inter alia, disability due to a service-connected hearing loss. On this occasion he had a statement from a Dr. Hunt who averred that he had treated the appellant "in 1969, twice in 1981, seven times in 1985, and once this year [1986]." He noted a *present* hearing loss (1986) but did not opine or even speculate as to when the loss might have occurred.

■ Because this new evidence failed to relate the present hearing loss to the appellant's period of service, the Board again denied service connection. In an attempt to reopen his claim once again for hearing impairment, the appellant obtained another statement from Dr. Hunt with a few changes in some of the details. It is the decision of the BVA finding this second statement as not new and material that is before this Court on appeal. The Court has no jurisdiction to review either the 1981 or the 1987 decision. To repeat the familiar litany concerning reopening of previously decided cases: The 1987 decision was final in the absence of new and material evidence; new and material evidence is defined as that which is not cumulative with previous evidence and which is relevant and probative. Further, it must be of such significance that it raises the possibility of changing the result. *See* 38 U.S.C. § 5108 (formerly § 3008); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991); *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991); 38 C.F.R. § 3.156(a) (1991).

Applying these standards to the case before the Court, we note that the only difference between Dr. Hunt's first statement and his second one is that in the second statement he averred that he had treated appellant in May and June 1955, a few weeks after his discharge from the service. This second statement did not relate any complaints of a putative hearing loss in 1955. The Board found that the additions made by Dr. Hunt were essentially cumulative and, hence, not new. The Court agrees. The fact that Dr. Hunt may have treated appellant at a time closer to his release from service adds nothing to appellant's claim for a service-connected hearing loss. It is clearly cumulative with the first statement. Furthermore, in its failure to aver, or even speculate, that either treatment might have been connected to the hearing loss that was identified some 20 or so years later, the second statement is not relevant or probative, i.e., it is not of such significance that a change in the outcome of the claim would be a reasonable possibility. In short, to the extent that this evidence may be "new" it is not material, and to the extent that it may be "material" it is not new.

■ As to the claim for increased disability for the service-connected finger injury, the evidence is unrebutted that there is some degree of impairment, i.e., a loss of some flexibility to the appellant's middle finger on his right hand. The BVA found that the restriction on the range of motion was insufficient to permit a higher rating. The relevant rating code is 38 C.F.R. § 4.71a (1991), Diagnostic Code (DC) 5226. This code can be understood only by reading the notes from DC 5216 et seq. Neither the format of the code pertaining to finger injuries nor its interpretative notes are a model of clarity. The BVA interpretation is that "to warrant a compensable evaluation ... the medical evidence of rec-

ord must show that ankylosis of the ... middle finger *prevents* flexion of the finger to *within* 2 inches of the ... palm" (emphasis supplied). However, the note accompanying the code actually reads: "With only one joint of a digit ankylosed or limited in its motion, the determination will be made on the basis of whether motion is *possible to within* 2 inches of the ... palm; when so possible the rating will be for favorable ankylosis, otherwise unfavorable" (emphasis supplied). In turn, DC 5226 provides that a 10% rating is appropriate whether the ankylosis is favorable *or* unfavorable. Granting then that the stiffness was moderate (appellant can apparently touch his palm with the middle finger, albeit with difficulty) and that appellant could get to *within* two inches of the palm, it would seem he had a "favorable" condition. Therefore, a 10% rating would seem to follow ineluctably, unless there is a third category neither favorable nor unfavorable. The only such third category this Court can find is note (a) appended to DC 5223. However, by its own terms, that note applies only to DCs 5220 through 5223. Admittedly, this seems to place an individual with a middle finger ankylosis in a better position compared to one with, for example, both a middle and a ring finger ankylosis. However that may be, the plain reading of the regulation as to DC 5226 appears to provide a 10% rating under the circumstances of this case. Accordingly, the Court REVERSES and REMANDS this part of the Board's decision for adjudication consistent with this opinion. That part of the BVA decision denying compensation for the claimed hearing loss is AFFIRMED.